UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSA MAYMI,

                              Plaintiff,                    Case No. 1:24-cv-05887

        - against -
                                                           **COMPLAINT AND JURY DEMAND**
LEMLE & WOLFF, INC., SOUTH BRONX
COMMUNITY LEMLE WOLFF LLC, and
QUADRANT PROPERTIES HOUSING
DEVELOPMENT FUND COMPANY, INC.,

                              Defendants.

       Plaintiff ROSA MAYMI ("Ms. Maymi" or "Plaintiff"), by and through her attorneys,

Mobilization for Justice, Inc., alleges as follows:

<u>PRELIMINARY STATEMENT</u>

       1.      This case seeks redress for Defendants' housing discrimination based on disability.

       2.      Ms. Maymi is a 62-year-old rent-stabilized tenant with a Section 8 voucher. She is

legally blind, has mobility and hearing impairments, among other chronic physical and mental

health conditions.

       3.      Ms. Maymi's apartment is located within a walk-up building that is not accessible

to people with mobility impairments. The apartment is located on the second floor of the building,

which makes it difficult and unsafe for Ms. Maymi to come and go from her apartment.

       4.      Additionally, the apartment has persistent black mold that has not been adequately

treated, which affects Ms. Maymi's health. It also impacts the health of Ms. Maymi's adult

daughter who has asthma and is Ms. Maymi's primary caregiver.

       5.      Defendants—the entities that own the building and/or are responsible for managing

it—have failed to adequately respond to Ms. Maymi's requests for a reasonable accommodation

in the form of a relocation to an accessible apartment, which would allow her to use and enjoy her home in the same manner as other tenants who do not have disabilities.

6.      Specifically, Defendants have failed to respond at all to Ms. Maymi's most recent request and have failed to engage in any interactive process or cooperative dialogue to explore how Plaintiff's disabilities could be accommodated.

7.      The Fair Housing Act, 42 U.S.C. § 3601, et seq. ("FHA") and the New York City Human Rights Law, New York City Administrative Code § 8-101 et seq. ("NYCHRL") require more than that. Indeed, Defendants' behavior constitutes unlawful discrimination under the FHA and NYCHRL.

8.      Through this action, Ms. Maymi seeks declaratory, injunctive, compensatory, and punitive relief to remedy Defendants' discriminatory behavior. She also seeks an award of attorney's fees given that she has been forced to retain counsel and commence this action to vindicate her rights.

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) since this action seeks redress for violations of Plaintiff's rights under the FHA, a federal statute that is intended, in part, to ensure the equal rights of persons with disabilities.

10.      The Court has supplemental jurisdiction over Plaintiff's NYCHRL claims pursuant to 28 U.S.C. § 1367 because they are based on the identical set of transactions and occurrences that give rise to Plaintiff's FHA claim, such that they form part of the same case or controversy under Article III of the Constitution.

11.      Venue properly lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims

occurred in this district, Defendants conduct business in this district, and the rental property at issue is situated in this district.

## PARTIES

12.    Plaintiff Rosa Maymi is a 62-year-old woman who resides at Apartment 2A (the "Apartment") in the building located at 283 Brook Ave, Bronx, New York 10454 (the "Building").

13.    Ms. Maymi is a person with a handicap and/or a disability as those terms are defined by the FHA and the NYCHRL.

14.    Upon information and belief, Defendant Lemle & Wolff, Inc. is a New York State corporation with offices at 5925 Broadway, Bronx, New York 10463.

15.    Upon information and belief, Defendant Lemle & Wolff, Inc. is the managing agent of the Building and is responsible for responding to reasonable accommodation requests for tenants of the Building.

16.    Upon information and belief, Defendant Lemle & Wolff, Inc. is the parent corporation and/or a corporate affiliate of Defendant South Bronx Community Lemle Wolff and Defendant Quadrant Properties Housing Development Fund Company, Inc.

17.    Upon information and belief, Defendant South Bronx Community Lemle Wolff LLC is a New York State limited liability corporation with offices at 5925 Broadway, Bronx, New York 10463.

18.    Upon information and belief, Defendant South Bronx Community Lemle Wolff is the landlord and/or beneficial owner of the Building.

19.    Upon information and belief, Defendant Quadrant Properties Housing Development Fund Company, Inc., is New York State not-for-profit corporation incorporated

pursuant to Article XI of the Private Housing Finance Law, with offices at 5925 Broadway, Bronx, New York 10463.

20.     Upon information and belief, Defendant Quadrant Properties Housing Development Fund Company, Inc., is the deed owner of the Building.

21.     Upon information and belief, Defendant Lemle & Wolff, Inc., Defendant South Bronx Community Lemle Wolff LLC, and Defendant Quadrant Properties Housing Development Fund Company, Inc. (collectively "Defendants") have common owners, officers, and offices.

22.     Upon information and belief, Defendants—and other entities which they are affiliated with—own or manage over 150 residential rental buildings throughout New York City.

## STATEMENT OF FACTS

### A. Plaintiff's Disabilities and Tenancy at the Building

23.     Ms. Maymi is the rent-stabilized tenant of the Apartment.

24.     Ms. Maymi has lived in the Apartment for approximately 19 years.

25.     Ms. Maymi is a participant in the New York City Housing Authority ("NYCHA") Housing Choice Voucher program, which is commonly referred to as Section 8.

26.     Section 8 pays a portion of the rent for the Apartment to Defendants and Ms. Maymi is responsible for a portion that is based on her income.

27.     Ms. Maymi is legally blind, has hearing and mobility impairments, and suffers from chronic migraines, among other chronic physical and mental health conditions.

28.     Ms. Maymi's adult daughter is her primary caretaker, and her daughter also has asthma.

### B. The Apartment is Not Accessible to Plaintiff

29.     The Apartment is located on the second floor of the Building.

30.    The Building does not have an elevator.

31.    The Building has five step risers leading from the vestibule to the public sidewalk in front of the Building.

32.    The Building has an additional staircase, composed of two flights of stairs separated by a landing, leading from the lobby to the second floor.

33.    Ms. Maymi's disabilities make it exceedingly difficult for her to navigate any of the steps.

**C.  The Apartment Has a Mold Problem**

34.    The Apartment has a mold condition.

35.    There is visible mold on the surface of the ceiling in the bathroom, and on and the door frame in the bathroom.

36.    Ms. Maymi has attempted to get Defendants to address the mold by calling 311 and filing a Housing Part ("HP") action in the Civil Court of the City of New York to direct the landlord to make necessary repairs.

37.    The mold has been documented by the Department of Housing Preservation and Development and has been classified as an immediately hazardous Class "C" violation of the New York City Housing Maintenance Code.

38.    Upon information and belief, the mold is caused by an underlying water leak that has not been adequately addressed or corrected.

39.    The mold impacts Ms. Maymi and particularly affects her daughter's asthma.

**D.  The Apartment Is Inordinately Noisy**

40.    The Apartment is impacted by an inordinate amount of noise from sources within the Building.

41.     The construction and layout of the Apartment causes even modest noise from neighbors to be amplified and echo throughout the Apartment.

42.     Ms. Maymi has complained to 311 and to Defendants' property manager about the noise.

43.     Additionally, the Building is located adjacent to Public School 179 and Saw Mill Playground.

44.     Ms. Maymi can regularly hear noise associated with the school and playground.

45.     Ms. Maymi hears extensive noise in the middle of the night.

46.     Because of Ms. Maymi's disabilities, including suffering from chronic migraines, she is particularly sensitive to the noise entering the Apartment.

47.     The noise from the Apartment above her makes it difficult for her to sleep.

48.     To alleviate the effects of the noise, Ms. Maymi takes out her hearing aids, which causes her to be unable to hear.

**E.  Defendants Failed to Provide Plaintiff a Reasonable Accommodation**

49.     Ms. Maymi has, on several occasions, requested that Defendants provide her with a reasonable accommodation in the form of a relocation to an accessible apartment and one that is not impacted by mold or excessive noise.

50.     Ms. Maymi first made requests to be relocated as a reasonable accommodation in 2022.

51.     Ms. Maymi's requests for relocation were largely treated as if she was merely requesting a transfer as a preference and not due to her disability-based needs.

52.     In January 2023, Defendants provided Ms. Maymi with Defendants' "Existing Tenant Transfer Request Policy," and "Existing Tenant Transfer Request Application."

53.     Besides the inclusion of a two-page "Disability Accommodation Request Form," to be filled out a by a medical provider, the policy and application did not explain Defendants' processes for accommodating tenants with disabilities, and rather, appeared to be mainly directed at relocation requests that were not based on applicable anti-discrimination laws.

54.     On or about October 16, 2023, Ms. Maymi's care manager, sent an email to Mariah Casiano, an employee of Defendant Lemle & Wolff, Inc., with the completed "Existing Tenant Transfer Request Application" and completed "Disability Accommodation Request Form," which was signed by Ms. Maymi's doctor.

55.     On or about November 6, 2023, Ms. Maymi's care manager sent a second email seeking an update.

56.     Around this same time, while they were waiting on responses to the emails, Ms. Maymi and her care manager made telephone inquiries to Ms. Casiano.

57.     Ms. Maymi and her care manager did not receive any response to the October 16, 2023 or November 6, 2023 email requests, or to their phone inquiries.

58.     Then, on or about March 18, 2024, Ms. Maymi's care manager emailed Ms. Casiano to follow-up on Ms. Maymi's request and provided additional medical information supporting her request as well as a letter explaining Defendants refusal to engage in a cooperative dialogue with Ms. Maymi was discriminatory.

59.     On or about March 19, 2024, Ms. Casiano emailed that they had not reached Ms. Maymi's case and that there were a number of people ahead of her.

60.     Around this time, Ms. Maymi was able to reach Ms. Casiano on the phone but was similarly told she had to wait.

61.     On or about April 9, 2024, April 10, 2024, and April 12, 2024, Ms. Maymi emailed

Jose Diaz, an employee of Defendant Lemle & Wolff, Inc and a property manager for the Building, complaining about the unreasonable noise from within the Building and also seeking an emergency relocation based on her disability.

62.    Mr. Diaz did not respond to Ms. Maymi's requests.

63.    Then, on or about April 12, 2024, an employee of Ms. Maymi's New York City Councilmember's office emailed Defendants' office asking someone to reach out to Ms. Maymi about her reasonable accommodation transfer request.

64.    In response to the Councilmember's office's email, on April 12, 2024, Ms. Casiano wrote that Defendants were in receipt of her reasonable accommodation request to be relocated to a lower floor but informed her "that this is a lengthy process as we process these requests in the order they are received. Once we reach your case, we will reach out to you to begin the transfer process."

65.    On April 12, 2024, Ms. Maymi inquired about the possibility of a top floor apartment in an elevator building to limit her exposure to noise.

66.    That same day, Ms. Casiano sent a second response to Ms. Maymi advising that "Transfers are subject to availability and eligibility. We can discuss the process once we reach your case as there are others in process ahead of you."

67.    At no point was Ms. Maymi's request processed, and she has not been contacted again by Ms. Casiano, or any representative of Defendants regarding her request, since April 12, 2024.

68.    Because Ms. Maymi's requests remained unfilled, on or about May 30, 2024, Ms. Maymi, through counsel, sent a letter to Defendant Lemle & Wolff, Inc. and Defendant South Bronx Community Lemle Wolff LLC, regarding her reasonable accommodation request. In

addition to relocation based on Ms. Maymi's disabilities, the inaccessible apartment, and the inordinate amount of noise, the letter sought relocation based on the immediately hazardous mold condition in the Apartment due to Ms. Maymi's daughter's asthma. The letter demanded a response by June 13, 2024.

69.     Defendants never sent any response to Plaintiff's counsel.

70.     To date, Ms. Maymi has not been offered any kind of relocation option, even though Defendants manage over a hundred properties throughout New York City.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: VIOLATION OF THE FHA
**(Failure to Provide a Reasonable Accommodation)**

71.     Plaintiff repeats and realleges the above paragraphs as though set forth fully and at length herein.

72.     The FHA requires property owners "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a person with a handicap] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

73.     A relocation from one apartment to another is a legally recognizable form of a reasonable accommodation.

74.     Defendants are subject to the FHA because the Building and Apartment, which they own and/or manage, are dwellings for which no exemption under 42 U.S.C. § 3603(b) is available.

75.     Ms. Maymi is a residential tenant of the Building and Apartment.

76.     Ms. Maymi is an individual with a handicap, as that term is defined by the FHA.

77.     Ms. Maymi has requested a reasonable accommodation in the form of a relocation to an apartment that can accommodate her disabilities.

78. Specifically, Ms. Maymi has requested on multiple occasions, that she be relocated to a suitable accessible apartment due to her mobility issues, the inordinate noise at the Apartment, and because of the mold condition in the Apartment.

79. Plaintiff's request is reasonable because, among other reasons, Ms. Maymi's Section 8 could be transferred to a new apartment and could cover a rent amount that is even higher than she currently pays. This would ensure that Defendants do not incur any financial loss.

80. Defendants have violated the FHA by denying or constructively denying Plaintiff's request for a reasonable accommodation, and by failing to engage in an interactive process that is required by the FHA.

81. Ms. Maymi is an aggrieved person, as defined by the FHA, because she has been injured by Defendants' discriminatory practice, since Defendants have failed to adequately respond to her reasonable accommodation requests and have failed to provide her with an appropriate reasonable accommodation.

82. Plaintiff has been deprived the opportunity to fully enjoy their home and have been injured in the exact way that the FHA was intended to prevent and remedy.

83. Defendants' conduct was willful and/or in reckless disregard of Plaintiff's civil rights.

84. Because Defendants have violated the FHA and caused injury to Plaintiff, Plaintiff is entitled to compensatory, consequential, emotional-distress, and punitive damages, as well as reasonable attorney's fees and costs.

85. Plaintiff is further entitled to injunctive relief in the form of an order directing Defendants to provide an appropriate reasonable accommodation.

## SECOND CAUSE OF ACTION: VIOLATION OF THE NYCHRL
### (Failure to Provide a Reasonable Accommodation)

86.     Plaintiff repeats and realleges the above paragraphs as though set forth fully and at length herein.

87.     The New York City Council passed the NYCHRL "to eliminate and prevent discrimination from playing any role in actions relating to employment, public accommodations, and housing and other real estate." NYC Admin. Code § 8-101.

88.     Defendants are subject to the NYCHRL because the Building and Apartment, which they own and/or manage, are housing accommodations for which no exemption under NYC Admin. Code § 8-107(5)(a)(4) applies.

89.     The NYCHRL prohibits discrimination against persons with disabilities in the terms, conditions or privileges of the sale, rental or lease of housing accommodations. NYC Admin. Code §§ 8-107(5)(a)(1).

90.     The NYCHRL requires covered entities, like Defendants, to make reasonable accommodations "to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." NYC Admin. Code § 8-107(15)(a).

91.     Pursuant to the NYCHRL, accommodation is deemed to be reasonable unless a covered entity can prove that their nature and cost would create an undue hardship. NYC Admin Code. 8-102.

92.     Ms. Maymi is a person with disabilities as defined by the NYCHRL.

93.     Ms. Maymi is a residential tenant of the Building and the Apartment.

94.     Plaintiff has requested that Defendants provide them reasonable accommodation in the form of relocation to another suitable apartment.

95.     Defendants have refused to provide a reasonable accommodation, and/or have constructively denied Plaintiff's requests.

96.     Upon information and belief, Defendants own or manage numerous other residential apartment buildings it would not be an undue hardship to offer Plaintiff another apartment.

97.     This is particularly true since Ms. Maymi's Section 8 voucher would cover rent in excess of Ms. Maymi's current rent-stabilized rent amount.

98.     Defendants have violated the NYCHRL by failing to make the requested reasonable accommodation.

99.     Defendants' conduct was willful and/or in reckless disregard of Plaintiff's civil rights.

100.    Because Defendants have violated the NYCHRL in a way that has injured Plaintiff, she is entitled to compensatory, consequential, emotional-distress, and punitive damages, as well as reasonable attorney's fees and costs.

101.    Plaintiff is further entitled to injunctive relief in the form of an order directing Defendants to provide the requested reasonable accommodations.

### THIRD CAUSE OF ACTION: VIOLATION OF THE NYCHRL
**(Failure to Engage in a Cooperative Dialogue)**

102.    Plaintiff repeats and realleges the above paragraphs as though set forth fully and at length herein.

103.    The NYCHRL makes it unlawful for covered entities to "fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation."  NYC Admin. Code § 8-107(28)(c).

104.    The NYCHRL defines cooperative dialogue as "the process by which a covered entity and a person entitled to an accommodation, or who may be entitled to an accommodation under the law, engage in good faith in a written or oral dialogue concerning the person's accommodation needs; potential accommodations that may address the person's accommodation needs, including alternatives to a requested accommodation; and the difficulties that such potential accommodations may pose for the covered entity." NYC Admin. Code § 8-102.

105.    Ms. Maymi is a person with disabilities as defined by the NYCHRL.

106.    As a result of Plaintiff's disabilities, Plaintiff is entitled, or may be entitled, to a reasonable accommodation under the law.

107.    Plaintiff has requested that Defendants provide a reasonable accommodation in the form of a relocation to an accessible apartment, that is also free of mold and excessive noise, that will allow Plaintiff to freely access and enjoy their home.

108.    Defendants have failed to respond within a reasonable amount of time to Plaintiff's requests for an accommodation and have at no time engaged in any cooperative dialogue with Plaintiff or their representatives as required by the NYCHRL.

109.    Because Defendants have violated the NYCHRL in a way that has injured Plaintiff, she is entitled to compensatory, consequential, emotional-distress, and punitive damages, as well as reasonable attorney's fees and costs.

## JURY DEMAND

110.    Plaintiff demands a trial by jury.

## RELIEF REQUESTED

111.    **WHEREFORE**, Plaintiff respectfully request that this Court enter an Order:

      a.      Declaring that Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C.§ 3601, <u>et seq.</u>, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, <u>et. seq.</u>;

      b.      Ordering Defendants to provide a reasonable accommodation to Plaintiff in the form of a relocation to a suitable accessible apartment;

      c.      Awarding Plaintiff compensatory, consequential, emotional-distress, and punitive damages for the emotional, mental, physical, and financial harm she has suffered due to Defendants' discriminatory conduct, in an amount to be proven at trial but not less than $75,000.00;

      d.      Awarding Plaintiff reasonable attorney's fees, costs and expenses incurred in prosecuting this action; and

      e.      Ordering such other further relief as this Court deems just and proper.

Dated:  August 2, 2024
       New York, New York

                     /s/ Matthew Longobardi
                     Matthew Longobardi (5322987), of counsel to
                     Tiffany Liston, Esq.
                     Mobilization For Justice, Inc.
                     100 William Street, 6th Floor
                     New York, New York 10038
                     Tel. (212) 417-3892
                     mlongobardi@mfjlegal.org
                     *Attorneys for Plaintiff Rosa Maymi*