UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSA MAYMI,

                Plaintiff,

- against -

LEMLE & WOLFF, INC., SOUTH BRONX COMMUNITY LEMLE WOLFF LLC, and QUADRANT PROPERTIES HOUSING DEVELOPMENT FUND COMPANY, INC.,

                Defendants.

Case No. 1:24-cv-05887 (LGS)

**SETTLEMENT AGREEMENT AND CONSENT DECREE**

---

**WHEREAS,** Rosa Maymi ("Plaintiff"), the rent-stabilized tenant of 283 Brook Avenue, Apartment 2A, Bronx, New York 10454, filed a complaint on or about August 2, 2024 ("Complaint"), alleging that Lemle & Wolff, Inc., South Bronx Community Lemle Wolff LLC, and Quadrant Properties Housing Development Fund Company, Inc. (collectively "Defendants") violated the Fair Housing Act ("FHA") and New York City Human Rights Law ("NYCHRL") by engaging in discrimination on the basis of disability by failing to provide a reasonable accommodation as defined by the FHA and NYCHRL and failing to engage in a cooperative dialogue as defined by the NYCHRL; and,

**WHEREAS,** the Plaintiff and Defendants (collectively "the Parties") wish voluntarily to resolve the claims raised in the Complaint, without further litigation, and by Defendants providing Plaintiff with a reasonable accommodation in the form of a transfer to alternative apartment; and,

**WHEREAS,** the Parties have voluntarily entered into a private and separate Confidential Settlement Agreement and herein agree to the terms of this Settlement Agreement and Consent Decree ("Agreement") and jointly request that it be so-ordered by the Court, as indicated by the signatures appearing below;

1

**NOW, THEREFORE, IT IS HEREBY AGREED** by and between the Parties as follows:

### I.     ACKNOWLEDGEMENT OF FAIR HOUSING LAWS

1. Defendants acknowledge their obligations under the FHA and NYCHRL and will enforce anti-discrimination policies in regard to all of their employees, along with any agents whom Defendants hire or retain (orally or in writing), in order to ensure that their employees and agents do not discriminate against persons based on a disability, in violation of the law. These obligations include, without limitation, providing reasonable accommodations and reasonable modifications to a person with a disability if such accommodations and modifications are not an undue burden or fundamental alteration and may be necessary to afford such person full enjoyment of their leased premises.

### II.    INJUNCTIVE RELIEF IN THE FORM OF A REASONABLE ACCOMMODATION FOR PLAINTIFF

2. Pursuant to Plaintiff's request for a reasonable accommodation of her disability, Defendants have offered, and Plaintiff has accepted, a transfer of Plaintiff's tenancy from her current apartment, Apartment 2A at 283 Brook Avenue, Bronx, New York 10454 ("Current Apartment"), to Apartment 511 at 401 Bronx River Ave, Bronx, New York 10454 ("Transfer Apartment").

3. Defendants represent that the Transfer Apartment is a two-bedroom rent-stabilized apartment in a LIHTC building managed by the Defendant Lemle & Wolff, Inc. that is accessible to individuals with mobility disabilities. Plaintiff's eligibility and entitlement to occupy the Transfer Apartment is a material term of this Agreement, and Plaintiff enters this Agreement based on the Defendants' representation and offer that she has the right to relocate to the rent-stabilized Transfer Apartment along with her adult daughter and her emotional support animals (two cats).

4.     The Transfer Apartment is in a building owned by Soundview Family Housing LLC, which is an affiliate/subsidiary of Defendants. Defendants represent that they are authorized by Soundview Family Housing LLC to make the promises contained in this Agreement with respect Plaintiff's relocation of her tenancy to the Transfer Apartment.

5.     Plaintiff shall be provided a lease for the Transfer Apartment within 15 (fifteen) days of the Agreement being so-ordered by the Court, and said lease shall commence on the first day of the following month, unless a longer time or different start date is required to process the transfer of Plaintiff's Housing Choice Voucher administered by the New York City Housing Authority ("Section 8 Voucher") or for compliance with LIHTC leasing process. Defendants acknowledge that time is of the essence and that Plaintiff's Section 8 Voucher transfer package expires on July 5, 2025, so the lease must commence prior to that date.

6.     Defendants acknowledge that Plaintiff has completed Defendants' application forms and has provided the documentation requested to facilitate the issuance of an LIHTC lease for the Transfer Apartment. Defendants agree to promptly notify Plaintiff's counsel if any additional paperwork or information is required. Defendants agree to waive any and all application fees and credit report fees.

7.     Upon the commencement date of the lease for the Transfer Apartment, Plaintiff shall begin her obligations to pay rent for the Transfer Apartment and shall be relieved of her obligations to pay rent or use and/or occupancy for the Current Apartment, provided that she surrenders possession of the Current Apartment to Defendants within thirty (30) days of commencement date of the lease for the Transfer Apartment. The thirty (30) day period in which Plaintiff is allowed to utilize both the Current Apartment and the Transfer Apartment is being provided as a reasonable accommodation of Plaintiff's disabilities in order to allow her necessary

time to pack and move her belongings to the Transfer Apartment. Once Plaintiff has moved her belongings, she shall surrender the Current Apartment to Defendants' representatives free of all occupants. Any property remaining in the Current Apartment after Plaintiff's surrender may be disposed of by Defendants without liability to any party.

8. Defendants represent that the Transfer Apartment will pass a Housing Quality Standards inspection, if required for Plaintiff's Section 8 Voucher. Defendants will promptly make any necessary repairs if identified by the Housing Quality Standard inspection and will promptly fix any violations of the New York City Housing Maintenance Code, as required by law, identified by Plaintiff upon commencement of the lease for the Transfer Apartment.

9. Defendants represent that the Transfer Apartment has been freshly painted and, before the commencement date of the lease for the Transfer Apartment, will be treated by an exterminator with a pet-safe gel-based application to discourage cockroaches.

10. Defendants agree that grab bars shall be installed at the toilet in the bathroom of the Transfer Apartment, before the commencement date of the lease for the Transfer Apartment, at Defendants' expense.

11. Defendants acknowledge that Plaintiff is permitted to install a tenant-maintained secondary top lock on the entry door to the Transfer Apartment.

12. Defendants represent that the Transfer Apartment is subject to rent-stabilization law by virtue of a regulatory agreement with the City of New York, and in the event that Plaintiff becomes ineligible for her Section 8 voucher, or surrenders her Section 8 voucher for any reason, the current legal regulated rent that may be charged Plaintiff is presently $1219.30 (for a one-year lease), which includes cooking gas, and that amount may be adjusted as only provided in the

Defendants' regulatory agreement and under the Rent Stabilization Law, as amended, and the Rent Stabilization Code.

13. In the event the Transfer Apartment becomes unavailable to be occupied by Plaintiff, before Plaintiff is issued a lease and allowed to take occupancy of the Transfer Apartment, Defendants shall be in default of this Agreement, and Plaintiff shall be entitled to continue to occupy the Current Apartment under the terms of her existing rent-stabilized tenancy, Defendants will remain obligated to provide a reasonable accommodation under the NYCHRL and FHA, including a transfer to the next available suitable alternative apartment in Defendants' portfolio, and Plaintiff may restore this case pursuant to Section IV of this Agreement, and may seek an award of damages suffered and reasonable attorney's fees incurred since the date of this Agreement.

14. Upon Plaintiff completing her relocation to the Transfer Apartment as a reasonable accommodation of her disability, the Parties shall jointly file a stipulation of discontinuance.

### III.  OTHER OBLIGATIONS

15. This Agreement may be executed in any number of counterparts, and each such counterpart shall be deemed to be an original. For purposes of executing this Agreement, a document signed and transmitted by facsimile or email shall be treated as an original document. The signature of any party thereon shall be considered as an original signature, and the document transmitted shall be considered to have the same binding legal effect as an original signature on an original document. The Agreement shall be binding on the parties once it is fully executed by the parties' representative, notwithstanding that the parties intend to submit the Agreement to the Court to be so-ordered and for the Court's continued enforcement of the terms of this agreement.

16. This Agreement shall be binding on Defendants and any of their owners, employees, agents, representatives, officers, heirs, assigns, subsidiaries, or successors in interest, unless otherwise specified.

17. This Agreement shall be deemed to have been jointly drafted, and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or the Stipulation as a whole.

18. The Parties to this Agreement and their counsels acknowledge and represent that they have read and understand each and every provision of this Agreement, and that they have the requisite authority to execute this Stipulation.

## IV.   ADMINISTRATION OF SETTLEMENT AGREEMENT AND ORDER

19. The United States District Court for the Southern District of New York shall retain jurisdiction to enforce the terms of this Agreement upon the filing of an appropriate motion by either party.

20. Without limitation to any other right or remedy that Plaintiff may have in the event of Defendants' default under the terms of this Stipulation, Plaintiff may restore this case to seek and obtain appropriate relief from the Court, including reasonable attorney's fees associated with any such default.

21. The parties to this Agreement shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Stipulation prior to filing a motion with the Court to enforce and/or modify this Stipulation.

## V.  SEVERABILITY

22. If any provision of this Agreement is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Stipulation shall endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision shall materially affect the intent of this Stipulation. The parties to this Stipulation shall consult and use their best efforts to agree upon a valid and enforceable provision that shall be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this Stipulation.

**ROSA MAYMI**

By: *Rosa Maymi*

Print Name: *Rosa Maymi*

Date: *April 22, 2025*

**LEMLE & WOLFF, INC., SOUTH BRONX COMMUNITY LEMLE WOLFF LLC, AND QUADRANT PROPERTIES HOUSING DEVELOPMENT FUND COMPANY, INC.**

By: *[signature]*

Print Name: Kevin Thurman

Date: 5/12/25

The Clerk of Court is respectfully directed to close the motion at Dkt. 30.

IT IS SO ORDERED this  4th  day of  June , 2025.

*[signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

7